IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CARLOS LAMONT REYNOLDS                                                                    PLAINTIFF

v.                                             Case No. 4:23-cv-4076

EX-CHIEF OF POLICE ORLANDO DENNIS;
and THE CITY OF STAMPS, ARKANSAS                                                     DEFENDANTS

**ORDER**

Before the Court is a failure to comply with orders of the Court and with Federal Rule of Civil Procedure 25.  On August 17, 2023, Plaintiff, a prisoner, initiated this *pro se* civil rights matter pursuant to 42 U.S.C. § 1983.  ECF No. 1.  That same day, Plaintiff also filed a motion requesting to proceed *in forma pauperis* (IFP).  ECF No. 2.  United States Magistrate Barry A. Bryant granted Plaintiff's request to proceed IFP.  ECF No. 3.  In that Order, Judge Bryant also directed Plaintiff to update the Court with any change in address within thirty (30) days of any such change in accordance with the Local Rules.  *Id.*  That Order was not returned as undeliverable.

On August 21, 2023, noting potential factual and legal deficiencies in the original complaint, Judge Bryant ordered Plaintiff to file an amended complaint by September 11, 2023. ECF No. 6.  In that Order, Judge Byrant noted that failure to do so would subject this action to dismissal for failure to prosecute.  *Id*.  Plaintiff filed his Amended Complaint on September 6, 2023.  ECF No. 7.  Upon preservice review of the Amended Complaint pursuant to 28 U.S.C. § 1915A(a), Judge Bryant again informed Plaintiff of potential factual and legal deficiencies with the Amended Complaint and gave him the opportunity to submit a second amended complaint. ECF No. 8.  The second amended complaint was due by October 3, 2023, failing which this matter would be subject to dismissal for failure to comply with the Court's orders.  *Id.*  That Order was not returned as undeliverable.

When that deadline passed and Plaintiff failed to respond or communicate with the Court in any way, Judge Bryant ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with the Court's orders. ECF No. 9. The response to the show cause order was due on October 31, 2023. *Id.* On October 30, 2023, the court received notification from Ms. Rosie Edwards, Plaintiff's mother, informing the court that Plaintiff had passed away. ECF No. 10. That notification also requested "to keep the case open." *Id.* Recognizing that *pro se* filings are to be liberally construed, Judge Bryant viewed the notification as a Motion to Substitute Parties pursuant to Rule 25. ECF No. 11. Judge Bryant denied that Motion on the grounds that the notification was deficient because Ms. Edwards had not established that she was the "decedent's successor or representative" under Rule 25(a)(1). *Id.* However, Judge Bryant expressly allowed the case to remain open for 90 days from the date of Ms. Edwards' notice informing the court of Plaintiff's death, or until January 30, 2024, to allow a proper party to file a motion to substitute parties consistent with Rule 25. *Id.*

More than 90 days have elapsed since the court received notification of Plaintiff's death and no motion to substitute parties has been filed consistent with Rule 25. Pursuant to Rule 25(a), if a motion to substitute parties "is not made within 90 days after service of a statement noting death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a). Since no such motion has been filed here, this action is subject to dismissal. *Id*.

Additionally, although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to

within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).  Further, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with two court orders.  *See* ECF Nos. 8 & 9.  Therefore, this case is also subject to dismissal for failure to comply with the court's orders.  Thus, pursuant to Federal Rule of Civil Procedure 25(a), Federal Rule of Civil Procedure 41(b), and Local Rule 5.5(c)(2), the Court finds Plaintiff's Complaint (ECF No. 1) should be and is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 7th day of March, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge